NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0309n.06

No. 09-5857

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**May 11, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| DEMARCUS AKINS, | ) | |
| | ) | O P I N I O N |
| Defendant-Appellant. | ) | |

BEFORE:     McKEAGUE and WHITE, Circuit Judges; ZOUHARY, District Judge.[*]

**PER CURIAM.**  When agents executed a search warrant at Appellant-Defendant Demarcus Akins's home, they found a loaded .45 caliber handgun under his bed and $90,000 cash in the same room.  Downstairs, agents found digital scales, a drug-cutting agent, and a construction press modified to make kilogram-sized bricks of cocaine.  Akins pled guilty to conspiracy to possess with intent to distribute cocaine and cocaine base, and conspiracy to commit money laundering.  He was sentenced to concurrent sentences of 140 months' imprisonment.  He now challenges the district court's application of a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm in connection with a drug-trafficking offense, arguing there was no connection between the gun found and the crimes to which he pled guilty.  We review the district court's determination under the clearly erroneous standard.  *United States v. Darwich*, 337 F.3d 645, 664 (6th Cir. 2003).

---

[*]The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

Section 2D1.1(b)(1) of the Sentencing Guidelines provides, in drug trafficking cases, "[i]f a dangerous weapon (including a firearm) was possessed, increase by 2 levels." For the enhancement to apply, the Government must initially establish by a preponderance of the evidence that the defendant "actually or constructively possessed the weapon." *United States v. Wheaton*, 517 F.3d 350, 367 (6th Cir. 2008) (citation omitted). If the Government establishes the defendant possessed a weapon, a presumption arises that the weapon was connected to the offense and the burden shifts to the defendant to show it was clearly improbable that the weapon was connected to the crime. *Id.*; *United States v. Hough*, 276 F.3d 884, 894 (6th Cir. 2002).

Here, Akins clearly had possession of the gun. It was found in his bedroom, under his own bed. Although he claims the gun belonged to his roommate, this is of no moment because the location of the gun supported the court's finding that Akins had possession, and, in any event, the law recognizes joint possession. *See Hough*, 276 F.3d at 894 (rejecting argument that because the home was not exclusively defendant's residence, and the other individuals in the home were armed drug dealers, the guns found there could not be attributed to defendant). Accordingly, the burden shifts to Akins to show that it was "clearly improbable that the weapon was connected with the offense."

The district court's finding that Akins failed to meet this burden was not clearly erroneous. This Circuit has upheld the firearm enhancement in similar cases. For example, in *Wheaton,* we upheld the enhancement where officers found a loaded gun under a couch cushion in the defendant's house, even without drugs located inside. 517 F.3d at 367. And in *United States v. Gross*, we upheld the enhancement where the defendant was arrested for drug trafficking outside his home and

police found guns and drug paraphernalia—though no drugs—inside his home. 77 F. App'x 338, 340 (6th Cir. 2003).

Just as in *Wheaton* and *Gross*, no drugs were found inside Akins's home, but there was sufficient other evidence supporting the enhancement, including $90,000 cash, digital scales, a drug-cutting agent, and a construction press modified to make kilogram-sized bricks of cocaine. Further, wiretaps confirmed Akins was receiving large quantities of cash at his home for drug transactions.

Finally, Akins's reliance upon *United States v. Peters*, 15 F.3d 540 (6th Cir. 1994) and *Bailey v. United States*, 516 U.S. 137 (1995) fails as well. This Court previously considered, and rejected, these arguments. As explained in *United States v. Keszthelyi*, 308 F.3d 557, 579–80 (6th Cir. 2002), *Peters* upheld the district court's decision *declining* to apply the enhancement, whereas Akins argues the district court erred in *applying* it; and *Bailey*, in construing 18 U.S.C. § 924(c)(1), "interpreted statutory language that was significantly different than the language of U.S.S.G. § 2D1.1." *Id.* at 579 n.4. Accordingly, neither *Peters* nor *Bailey* controls.

**AFFIRMED**.